UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
VATHSALA DEVI and                       :
SEETHARAM SIVAM,                 :

                              Plaintiffs,   :        11 Civ. 6675 (JPO)

          -against-                :        MEMORANDUM
                                         :          AND ORDER
SHAVENDRA SILVA,                 :

                              Defendant.   :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Plaintiffs have moved for reconsideration of this Court's Memorandum Opinion and Order dated February 8, 2012 (the "Opinion"), which dismissed the complaint for lack of subject matter jurisdiction. For the reasons set forth below, Plaintiffs' motion for reconsideration will be denied.

**I.    Discussion**

       The relevant factual allegations and procedural background are described in the Opinion, familiarity with which is assumed.

       Motions for reconsideration are governed by Federal Rule of Civil Procedure 60(b) and Local Rule 6.3. Rule 60(b) provides that a court may relieve a party from a final judgment or order on the grounds, among others, of "mistake, inadvertence, surprise, or excusable neglect . . . or . . . any other reason that justifies relief." Local Rule 6.3 states that a motion for reconsideration must set forth "the matters or controlling decisions which counsel believes the Court has overlooked." As the Second Circuit has explained, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). However, a party is not permitted to raise a new argument in a motion for reconsideration that it failed to raise in the underlying motion. *See, e.g.*, *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005).

Plaintiffs seek reconsideration on four grounds, arguing (1) that the Court erred by relying on evidentiary materials extrinsic to the complaint, (2) that the Court erroneously relied on the U.S. Government's statement in a different case decided in 2009, (3) that the Court erred by overlooking certain international law sources, and (4) that the Court's application of diplomatic immunity contravenes congressional intent and raises constitutional concerns. Each argument is addressed in turn.

A.

Plaintiffs' first argument is that the Court committed "clear error" by relying on a Diplomatic Note of an official of the United States Mission to the United Nations, which certified that Defendant Silva is an officially recognized diplomat entitled to diplomatic immunity. Plaintiffs argue that such reliance was erroneous because courts may not consider matters outside the pleadings in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

This argument lacks merit. First, the motion was not a Rule 12(b)(6) motion. Rather, as the Opinion makes clear, Silva's letter seeking dismissal was treated and decided as a motion to dismiss for lack of subject matter jurisdiction, *i.e.*, a motion pursuant to Rule 12(b)(1). It is well settled that evidence extrinsic to the pleadings may be considered by a court in deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Moser v. Pollin*, 294

F.3d 335, 339 (2d Cir. 2002); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1350, at 160 (3d ed. 2011).

Significantly, Plaintiffs have never disputed Silva's status as a diplomat. Given that undisputed status, diplomatic immunity follows from the governing legal authorities, including the Diplomatic Relations Act, the Vienna Convention, and the Second Circuit case law. *See* Opinion at 6-7.

**B.**

Next, Plaintiffs contend that the Court improperly relied on a Statement of Interest submitted by the United States in *Sabbithi v. Al Saleh*, 605 F. Supp. 2d 122 (D.D.C. 2009). They argue that the Government's statement in that case is outdated, suggesting that its position may change over time.

As the Court previously noted, there is no requirement that the views of the United States be solicited in a given case. The Court did cite Judge Sullivan's opinion in *Sabbithi*, decided in 2009, which in turn relied (in part) on the Government's Statement in that case. The Court also cited the *Sabbithi* Statement itself, but only as persuasive authority on the general importance of the broad scope of diplomatic immunity. *See* Opinion at 9. However, Plaintiffs fail to cite any legal principle or authority that the Court "overlooked" that would oppugn any reliance on the *Sabbithi* Statement. Here, the pertinent legal authorities clearly support diplomatic immunity and there is no evidence that the position of the United States Government has changed in any relevant respect.

**C.**

Plaintiffs argue that the Court failed to consider "authoritative international law sources" in concluding that there is no *jus cogens* exception to diplomatic immunity. They cite a

"Working Document" by the United Nations Committee Against Torture.  That document, however, does not constitute binding legal authority.  The Court adheres to its decision for the reasons set forth in the Opinion and on the basis of the federal statutes, treaties, and federal court authorities cited in the Opinion.  *See* Opinion at 6-9.

### D.

Finally, Plaintiffs contend that the Court's interpretation of the Diplomatic Relations Act contravenes congressional intent and raises constitutional questions.  Again, however, Plaintiffs do not cite any authority that this Court "overlooked" in its decision.  Rather, they cite authorities for the proposition that torture and extrajudicial killing are actionable under the Alien Tort Claims Act ("ATCA") and the Torture Victims Protection Act ("TVPA"), and they argue that the Diplomatic Relations Act should not be interpreted to "effectively repeal" those statutes and the treaties that they implement.  Enforcing the immunity that is mandated by the Diplomatic Relations Act does not result in the implicit repeal of the ATCA and the TVPA.  The latter statutes continue to have effect in circumstances where a defendant is not cloaked with diplomatic immunity.  Indeed, nothing in the ATCA or the TVPA purports to extend liability to a defendant who is otherwise subject to immunity under the Diplomatic Relations Act.

Thus the relevant canon of construction is not, as Plaintiffs argue, the canon that rejects "finding implicit repeal of a treaty in ambiguous congressional action."  *Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 252 (1984).  Rather, the more pertinent canon is that "a specific statute will not be controlled or nullified by a general one."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987) (quoting *Radzanower v. Touch Ross & Co.*, 426 U.S. 148, 153 (1976)).  The plain and mandatory language of the Diplomatic Relations Act— providing that an action against a covered diplomat "shall be dismissed"—dictates dismissal of

this case, notwithstanding the provisions of the ATCA and the TVPA establishing liability as a general matter.

Plaintiffs also assert that dismissal of the complaint is inconsistent with "the constitutional requirements of due process and equal access to the courts." This argument was not raised previously and therefore may not be raised on reconsideration. *Commerce Funding Corp.*, 233 F.R.D. at 361. Nor is the argument explained or supported by any authority. Accordingly, it is rejected.

## II.   Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.

SO ORDERED.

Dated: New York, New York
April 6, 2012

_____
J. PAUL OETKEN
United States District Judge